ALVAREZ, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Cancel a Conditional Sale.

No. 603.—Decided February 20, 1925.

SALE—CONDITION FOR REPURCHASE—RESCISSORY CONDITION—NEW RECORD.—The vendee in a sale under a repurchase condition can not obtain a cancellation of the record of the sale by stating in a public deed that the purchase price had been refunded to him, for the fulfilment of rescissory conditions should be made to appear in a new record in accordance with article 16 of the Mortgage Law.

The facts are stated in the opinion.
*Mr. A. L. López* for the appellant.
The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant appeared as the purchaser of a piece of property, with a right of redemption in the vendor, before a notary and recited that he had been paid back the purchase price and hence wished to cancel the record. The alleged cancellation was denied by the Registrar of Caguas on the ground that section 16 of the Mortgage Law required that performance of conditions subsequent or conditions involving rescission should appear by means of a new record.

Appellant maintains that the owner and vendor has disappeared and that he has no other way of ridding himself of the title. We think the purchaser, if he finds it necessary, might perhaps accomplish his purpose by suit, but in any event the provisions of section 16, *supra,* are manda-

tory and the registrar is not authorized to make an exception. Section 82 of the Mortgage Law allows a cancellation where a right is completely extinguished, but section 16 provides the manner in which records of resolutory conditions are made in the registry and we have no discretion to change the law.

The note must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.